**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 116529

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John Truckenbrodt and Anne Truckenbrodt, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Real Time Resolutions, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

John Truckenbrodt and Anne Truckenbrodt, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Real Time Resolutions, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff John Truckenbrodt is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Anne Truckenbrodt is an individual who is a citizen of the State of New York residing in County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Real Time Resolutions, Inc., is a Texas Corporation with a principal place of business in Dallas County, Texas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges Plaintiffs owe a debt ("the Debt").

12. The Debt was primarily for household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiffs by letter ("the Letter") dated April 29, 2018. ("**Exhibit 1.**")

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

17. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

18. The Debt was increasing at the time it was with Defendant.

19. The Debt was increasing at the time of Defendant's letter.

20. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. Section 1692e requires debt collectors to disclose whether a debt may increase.

22. The Letter fails to include any "safe harbor" language concerning the increase of the Debt. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

23. The Letter fails to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve the debt.

24. Because of the aforementioned failures, the least sophisticated consumer would likely be confused as to the amount of the debt.

25. Because of the aforementioned failures, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

26. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of**
**the Creditor to Whom the Debt is Owed**

27. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

30. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

31. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

32. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

33. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

34. The identity of creditor to whom the debt is owed is a material piece of

3

information to a consumer.

35. Knowing the identity of creditor to whom the debt.

36. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

37. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

38. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

39. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

40. The Letter identifies a creditor of "CWHEL 2007-G."

41. The least sophisticated consumer would likely be confused as to the meaning of "CWHEL 2007-G."

42. The least sophisticated consumer would likely be uncertain as to the meaning of "CWHEL 2007-G."

43. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

44. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

45. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

46. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

47. The least sophisticated consumer would likely be deceived by the Letter.

48. The least sophisticated consumer would likely be deceived in a material way by the Letter.

49. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

4

## **CLASS ALLEGATIONS**

50. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

51. Plaintiffs seek to certify two classes:

   i. All persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt without disclosing that the debt would increase.

   ii. All persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt allegedly owed to "CWHEL 2007-G."

52. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

53. Defendant regularly engages in debt collection.

54. The Class consists of more than 35 persons.

55. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

56. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

57. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

5

## JURY DEMAND

58. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    b. Certify this action as a class action; and

    c. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    d. Find that Defendant's actions violate the FDCPA; and

    e. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    g. Grant Plaintiffs' costs; together with

    h. Such other relief that the Court determines is just and proper.

DATED: April 1, 2019

        **BARSHAY SANDERS, PLLC**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiffs*
        Our File No.: 116529